## JIMMY MCDANIEL v. THE STATE.

No. 10361.   Delivered November 10, 1926.

Rehearing denied December 22, 1926.

**1.—Negligent Homicide—Evidence of Intoxication—Properly Admitted.**

Where, on a trial for murder, in which the issue of negligent homicide in the first and second degree is raised and submitted to the jury, evidence that appellant, who was shown to have run over and killed deceased, while driving an automobile, was at the time in a state of intoxication, was properly admitted on the issue of negligent homicide of the second degree, it being a violation of law to drive an automobile while intoxicated or under the influence of intoxicating liquor.

ON REHEARING.

**2.—Same—No Error Shown.**

On rehearing a further careful examination of the original opinion of the court confirms us in the view that it was in all things a correct disposition of the case, appellant's motion for rehearing is overruled.

Appeal from the Criminal District Court of Tarrant County. Tried below before the Hon. Geo. E. Hosey, Judge.

Appeal from a conviction of negligent homicide, penalty a fine of $1,000.

The opinion states the case.

*Mays & Mays* of Fort Worth, for appellant.

*Sam D. Stinson,* State's Attorney; and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction in Criminal District Court of Tarrant County of negligent homicide, punishment fixed at a fine of $1,000.

Appellant was on trial charged with the murder of one Roy Green. The state's theory was that appellant, following an

altercation and a misunderstanding between the parties, deliberately and intending to kill Roy Green, ran over the latter with an automobile. It was a part of the state's theory that appellant was under the influence of intoxicating liquor at the time. The court submitted in addition to the law of murder, the law of lesser degrees of homicide, including negligent homicide of the first and second degrees. The verdict of the jury found appellant guilty of negligent homicide of the first degree.

In all of his bills of exception, and also in his brief filed in this court, and by argument orally, appellant attacks the action of the court below in admitting the testimony of a number of witnesses as to the use of whiskey by appellant on the afternoon and night of the alleged homicide. We are unable to agree with appellant that any of these bills show error. The state could not anticipate what the verdict of the jury would be upon the facts, and in support of that part of its case wherein appellant was charged with negligent homicide of the second degree, it would be necessary to show that appellant was engaged in some unlawful act at the time Green was killed. The driving of an automobile while in a state of intoxication is a violation of the law of this state, as is also the possession and transportation of intoxicating liquor, and as we view the matter the state might have made the proof objected to in an effort to support conviction upon the theory that appellant was violating the law at the time of the homicide. Believing that none of said bills of exception present error that would justify a reversal of the case, we are unable to agree with the contention made by appellant.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—We have carefully examined the ingenious argument made by appellant in support of his motion for rehearing, but are still of the opinion that the verdict herein was responsive to the issues and that the evidence before the court justified the conclusion reached. While the testimony might have justified a much more severe penalty, this is not a matter of which the appellant can complain.

The motion for rehearing is overruled.

*Overruled.*